Citation Nr: 1045634 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 06-34 121A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, 
Michigan


THE ISSUE

Entitlement to an effective date prior to November 30, 2004, for 
the award of a 10 percent disability rating for service-
connection for tinnitus, to include as a result of clear and 
unmistakable error (CUE) in prior July 1973 and April 1993 rating 
decisions. 


REPRESENTATION

Appellant represented by: AMVETS


ATTORNEY FOR THE BOARD

G. Jivens-McRae, Counsel


INTRODUCTION

The Veteran served on active duty from January 1969 to 
January 1971. 

This matter is before the Board of Veterans' Appeals (board) from 
a June 2006 rating decision of the Department of Veterans Affairs 
(VA) Regional Office (RO) in Detroit, Michigan. 

The Board remanded the instant claim in November 2009 for further 
development. 

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the appellant if 
further action is required.


REMAND

Unfortunately, thus case must be remanded again for further 
development. The Board regrets that a remand of this matter will 
further delay a final decision in the claim on appeal, but finds 
that such action is necessary to ensure that the Veteran is 
afforded full due process of law.

In its November 2009 remand, the Board determined that the 
Veteran's claim for an earlier effective date for the assignment 
of a 10 percent rating for service-connected tinnitus included 
the inextricably intertwined issue of whether the RO committed 
clear and unmistakable error (CUE) in its 1973 and 1993 rating 
decisions. Specifically, in pursuing his claim for an earlier 
effective date, the Veteran argued that the RO erred by failing 
to assign separate ratings to his hearing loss and tinnitus 
disabilities in those earlier decisions. See Veteran's 
statement, November 2006. The RO was instructed to adjudicate 
the CUE issue and, if denied, notify the Veteran and his 
representative of the Veteran's appellate rights. If a timely 
notice of disagreement (NOD) was received from the Veteran, the 
Board stated that the RO should provide the Veteran an SOC and 
then permit the appropriate amount of time to submit a 
substantive appeal. 

A review of the record shows that the RO did not comply with 
these instructions. The RO did not adjudicate the issue of CUE. 
Rather, even though a February 2010 deferred rating decision 
explicitly noted the need to render a new decision on the issue 
of CUE; the RO simply issued the Veteran a Supplemental Statement 
of the Case (SSOC). 

Pursuant to 38 C.F.R. § 19.31, in no case will a SSOC be used to 
announce decisions by the Agency of Original Jurisdiction (AOJ) 
on issues not previously addressed in the SOC, or to respond to a 
NOD on newly appealed issues that were not addressed in the SOC. 
A remand by the Court or the Board confers on the Veteran or 
other claimant, as a matter of law, the right to compliance with 
the remand orders. Stegall v. West, 11 Vet. App. 268,271 (1998). 
Therefore, since the AOJ did not first adjudicate the issue of 
CUE, this issue must be returned to the AOJ first, and then the 
Veteran will be given the opportunity to appeal the claim if, it 
is not granted, and the Veteran so desires. 

Accordingly, the case is REMANDED for the following action:

The RO/AMC should adjudicate whether there 
was clear and unmistakable error in July 1973 
and April 1993 rating decisions that failed 
to assign a separate compensable rating for 
tinnitus. The RO should notify the Veteran 
and his representative of the decision and of 
the Veteran's appellate rights. If the CUE 
aspect of this claim is denied and the 
Veteran files a timely notice of 
disagreement, the RO should issue an 
appropriate SOC and notify the Veteran and 
his representative that the matter will be 
before the Board only if a timely substantive 
appeal is submitted. 

The Veteran has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999). The issue of 
entitlement to an earlier effective date for the assignment of a 
10 percent evaluation for tinnitus is held in abeyance during the 
pendency of this appeal. 

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2009).




_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. 
§ 20.1100(b) (2010).